UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HERRON, JR., | No. 2:12-cv-3052-LKK-KJN |
| Plaintiff, | |
| v. | ORDER AND |
| SMITH & NEPHEW, INC. | ORDER TO SHOW CAUSE |
| Defendant. | |

Presently pending before the court is defendant's motion to compel proper Rule 26(a)(2)(C) disclosures from plaintiff's experts, or alternatively, to strike and preclude their testimony, which was noticed for hearing on July 3, 2014. (ECF No. 42.) On June 26, 2014, the parties filed a joint statement regarding their discovery disagreement. (ECF No. 43). Subsequently, at the July 3, 2014 hearing, attorney John Shaw appeared in person, and attorney David O'Quinn appeared telephonically on behalf of defendant. Plaintiff's counsel, R. Parker White, failed to appear without any notice to the court.[1] For the reasons discussed below, the court grants defendant's motion in part along the terms outlined in this order.

---

[1] The court is disturbed by Mr. White's failure to appear, particularly in light of the fact that the court mentioned to Mr. White at a settlement conference in an unrelated matter just two days prior on Tuesday July 1, 2014, that the court would be seeing Mr. White again at the July 3, 2014 hearing on this motion.

1

BACKGROUND

This action was removed to federal court by defendant on December 19, 2012. (ECF No. 1.) Plaintiff presently proceeds on the operative second amended complaint filed on April 4, 2014. (ECF No. 36.) The action arises from plaintiff's reconstructive hip surgery in July 2009, in the course of which the Birmingham Hip Resurfacing ("BHR") System, a mental-on-metal hip resurfacing prosthesis manufactured by defendant, was purportedly placed on plaintiff's right side. According to plaintiff, the system allegedly failed and caused plaintiff to suffer pain and symptoms of cobalt poisoning. The system was ultimately removed in May 2012, and in June 2012, a market recall of a particular component was allegedly initiated. Plaintiff asserts negligence and strict products liability claims against defendant. (See generally id.)

On December 12, 2013, the assigned district judge continued the deadline for disclosure of experts and exchange of expert reports to March 14, 2014. (ECF No. 18.) The present deadline to hear discovery motions is July 17, 2014, and the discovery cut-off date is August 15, 2014. (ECF No. 41.)

On January 14, 2014, plaintiff served expert disclosures identifying four of his treating physicians as non-retained experts who may testify at trial – Drs. Blumenfeld, Vasquez, Chang, and Ong. (See Declaration of Litsa Georgantopoulos, ECF No. 42-2 ["Georgantopoulos Decl."], ¶ 2, Ex. A.) For each doctor, plaintiff merely stated that the doctor "has knowledge regarding plaintiff's medical care and treatment." (Id.)

On March 31, 2014, defendant's counsel, finding the expert disclosures deficient, requested a discovery conference with plaintiff's counsel by letter, to which plaintiff's counsel did not respond. (Georgantopoulos Decl. ¶ 3, Ex. B.) On June 3 and 4, 2014, defendant's counsel followed up with phone calls, to which plaintiff's counsel again did not respond. (Id. ¶ 4.) Then, on June 5, 2014, defendant's counsel sent another letter, by fax and e-mail, requesting a discovery conference and mentioned that defendant intended to file a motion to compel to be heard on July 3, 2014. (Id. ¶ 5, Ex. C.)

The next day, on June 6, 2014, plaintiff served amended expert disclosures. (Georgantopoulos Decl. ¶ 6, Ex. D.) The amended disclosures very broadly identify the role of

1  each treating physician: "Dr. Blumenfeld performed revision surgery for the failed resurfacing
2  procedure"; "Dr. Vasquez treated plaintiff for symptoms and injuries which are as a result of this
3  subject incident"; "Dr. Chang is an internist who treated plaintiff for symptoms and injuries
4  which are as a result of this subject incident."; "Dr. Ong is an oncologist and hematologist."  (Id.)
5  Additionally, for each doctor, plaintiff states that the doctor "may testify and give opinions
6  regarding plaintiff's injuries, diagnoses, the causes for these injuries, duration, the care and
7  treatment he has provided to the plaintiff, along with prognosis of his future condition including
8  the necessity of medical expenses."  (Id.)

9  Still finding the amended disclosures deficient, defendant's counsel sent a letter to
10 plaintiff's counsel on June 10, 2014, via fax and e-mail, outlining defendant's concerns and
11 requesting a further conference with plaintiff pursuant to Local Rule 251.  (Georgantopoulos
12 Decl. ¶ 7, Ex. E.)

13 On June 12, 2014, defendant filed the instant motion.  (ECF No. 42.)

14 DISCUSSION

15 Federal Rule of Civil Procedure 26(a)(2)(C) requires expert disclosures for non-retained
16 experts to state "(i) the subject matter on which the witness is expected to present evidence under
17 Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which
18 the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C); see also DeGuzman v. United
19 States, 2013 WL 3149323, at *2 (E.D. Cal. Jun. 19, 2013).  In DeGuzman, the plaintiff's expert
20 disclosure concerning her treating physician stated, in part, that the doctor would render opinions
21 "regarding the nature and extent of her injuries, cause of those injuries, diagnosis, prognosis,
22 reasonableness of medical expenses and necessity of treatment."  Id. at *3.  The court in that case
23 found that:

24 > Plaintiff's disclosure of Dr. Anderson was accompanied by a
> statement that fails to meet even the most liberal interpretation of
25 > Rule 26(a)(2)(C).  That Dr. Anderson intended to testify to "the
> nature and extent of [plaintiff]'s injuries, cause of those injuries,
26 > diagnosis, prognosis, reasonableness of medical expenses and
> necessity of treatment" is obvious and hardly promotes the goal of
27 > increasing efficiency and reducing unfair surprise.

28

3

Id. at *4.

In this case, plaintiff's amended disclosures are remarkably similar to the deficient disclosures provided in DeGuzman, and plainly fail to provide a summary of the facts and opinions to which each witness is expected to testify. Plaintiff essentially has no persuasive argument to the contrary—plaintiff does not address Rule 26(a)(2)(C) or the DeGuzman case, which was cited in defendant's meet-and-confer letters and initial motion. Plaintiff's only contribution to the joint statement is a single paragraph stating as follows:

> Short of attaching a recorded statement by each of the disclosed experts, plaintiff respectfully submits that the disclosure and description gives adequate notice to the defendant so that it can properly prepare for and take their subject depositions. However, plaintiff will meet with and discuss the contents of each expert's deposition and provide the details of those conversations to the defense should the court so direct.

(ECF No. 43 at 7.) This is a woefully insufficient response to defendant's motion, and plaintiff fails to explain why defendant had to resort to filing a motion to compel in order to get compliant disclosures. Because defendant's motion is plainly well taken, plaintiff is ordered to provide defendant with supplemental expert disclosures for all expert witnesses in full compliance with Rule 26(a)(2)(C) no later than July 15, 2014.

However, plaintiff's shortcomings here also pose a substantial obstacle to defendant preparing for and completing the depositions of plaintiff's experts prior to the August 15, 2014 discovery cut-off date, which can only be modified by the district judge upon a showing of good cause. At the hearing, defendant's counsel represented that depositions are presently scheduled as follows: Dr. Chang on July 11, 2014; Dr. Vasquez on July 15, 2014; Dr. Ong on July 18, 2014; and Dr. Blumenfeld on July 25, 2014. Defendant's counsel also credibly explained that it had been extremely difficult to coordinate the various doctors' busy schedules, and that Dr. Vasquez alone has demanded $4,000.00 apparently because of the need to close his practice for the day and attend the deposition. In light of the circumstances, defendant requests the court to strike the experts and preclude their testimony. However, because striking the experts would be a very harsh penalty, likely crippling plaintiff's case, the court concludes that lesser measures should first be attempted. As such, the court denies the request to strike the experts, but without

prejudice to its renewal at a later juncture before the district judge, if appropriate.

Obviously, providing the supplemental expert disclosures to defendant by July 15, 2014 would not assist defendant with preparing for the depositions of Drs. Chang and Vasquez, presently scheduled for July 11, 2014 and July 15, 2014, respectively. Therefore, unless these depositions can be rescheduled for dates after July 15, 2014, but prior to the August 15, 2014 discovery cut-off date (with no additional costs, such as rescheduling fees or late cancellation fees, to be incurred by defendant), plaintiff shall reimburse defendant for all costs charged by Drs. Chang and Vasquez related to their depositions, including any flat fees or hourly fees.[2] It shall be *plaintiff's counsel's responsibility* to coordinate potential alternative dates for the depositions with defendant's counsel and the doctors.

Finally, the court directs plaintiff's counsel to show cause in writing why he should not be sanctioned in the amount of $500.00 for failure to appear at the hearing on the motion to compel, and failure to meaningfully participate in the related meet-and-confer efforts and drafting of the joint statement.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel proper Rule 26(a)(2)(C) disclosures from plaintiff's experts, or alternatively, to strike and preclude their testimony (ECF No. 42) is granted in part along the terms outlined in this order.

2. Plaintiff shall provide defendant with supplemental expert disclosures pursuant to Rule 26(a)(2)(C) for Drs. Blumenfeld, Vasquez, Chang, and Ong no later than July 15, 2014. Failure to provide fully compliant disclosures by the required deadline may result in the expert(s) being stricken.

3. Plaintiff shall reimburse defendant for all costs charged by Drs. Chang and Vasquez related to their depositions, including any flat fees or hourly fees, unless these

---

[2] Of course, in lieu of providing a supplemental disclosure for a particular expert witness or paying fees charged by the particular witness, plaintiff may also agree to withdraw the designation of that expert. Nonetheless, plaintiff would remain responsible for any cancellation fees charged by the doctor.

depositions can be rescheduled for dates after July 15, 2014, but prior to the August 15, 2014 discovery cut-off date (with no additional costs, such as rescheduling fees or late cancellation fees, to be incurred by defendant).  It shall be *plaintiff's counsel's responsibility* to coordinate potential alternative dates for the depositions with defendant's counsel and the doctors.

4. No later than July 15, 2014, plaintiff's counsel shall show cause in writing why he should not be sanctioned $500.00 for failure to appear at the hearing on the motion to compel, and failure to meaningfully participate in the related meet-and-confer efforts and drafting of the joint statement.

IT IS SO ORDERED.

DATED: July 3, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6